Pearson, J.
 

 The sale was void, because it does not appear that tlie Comity Court passed on and ascertained the fact, that there was a debt or demand against the estate of the ward.
 
 Spruill
 
 v.
 
 Davenport,
 
 3 Jones’ Rep. 42 ;
 
 Pendleton
 
 v. Trueblood, Ibid. 96.
 

 But there is another fatal objection. The petition does not allege that there was a debt or demand
 
 aga/mst the, estate
 
 of the ward. The allegation is, that the
 
 ward is indebted
 
 to the amount of $216, and the guardian has no assets, and there is no personal property out of which the debt can be paid. There is a material difference between a personal debt of the ward and a debt against the estate of the ward; i. e., a debt of the
 
 ancestor,
 
 for which the land of the ward is liable. It is manifest, by a perusal of it, that the statute under which this proceeding was had (Eev. Staf. ch. 63) is, as its title shows, •“A mode of subjecting the land of deceased debtors to the payment of their debts,” and consequently does not extend to personal debts contracted by, or on account of, infants. At common law, an heir sued for the debt of his ancestor, might pray the jpiwoi
 
 to demv/r
 
 until he arrived at full age. The statute changes this by substituting a provision, that no execution shall issue against the land of heirs, who are under age, until after the expiration of one year, during which time, it is the duty of guardians, under the 11th section of the Act, to apply for an order of sale.
 

 «It was stated at the bar, that the debt for which the land was sold, was contracted in prosecuting or in defending a suit for or against the infant. So, it was not a debt of the ancestor, but was a personal debt of the ward; and the defendant’s title is bad, not for a mere omission of the proper entries by the Court, but upon the merits, because upon the facts, the County Court had no power to order a sale. There is no error.
 

 Per CuriAM. Judgment affirmed.